FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 26 2010 ★
BROOKLYN OFFICE
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
PAMELA HANSON,

                Petitioner,

-against-

JAMES MOSS,

                Respondent.
----------------------------------------------------x

**MEMORANDUM**
**DECISION AND ORDER**

10 Civ. 3199 (BMC)

**COGAN**, District Judge.

On July 7, 2010, *pro se* petitioner Pamela Hanson filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her June 20, 2009 criminal conviction in Kings County Supreme Court. For the reasons set forth below, the Court dismisses the petition without prejudice as premature.

## DISCUSSION

Petitioner states that on June 20, 2009, she was convicted in Kings County Supreme Court of Murder in the Second degree and Larceny in the Fourth degree. On June 22, 2009, petitioner was sentenced to serve 22 years to life in prison. She indicates that she has filed an appeal which is presently pending with the Court of Appeals.

The instant petition is premature. In order to bring a petition for a writ of habeas corpus, a petitioner must first exhaust the remedies available in the state court or show that "there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254 (b)(1)(B)(i)(ii). To meet the exhaustion requirement, federal claims must be presented to the highest state court before a

federal court may consider the petition. Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General, 696 F.2d 186, 190-92 (2d Cir. 1982). Therefore, since petitioner's direct appeal is pending, she has not exhausted her available state court remedies and the petition is premature.[1] The Court notes that insofar as petitioner may seek to bring this as a civil rights action against detective James Moss pursuant to 42 U.S.C. § 1983, petitioner has already filed a pending § 1983 case against Moss and other detectives, and she may not litigate those claims in a habeas petition. See Hanson v. Moss et al., 10-CV-484 (BMC).

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is dismissed without prejudice.[2] See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 (if it plainly appears from the face of the petition that petitioner is not

---

[1] Petitioner is advised that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides a one year statute of limitations for seeking federal habeas corpus review which runs from the date a conviction is made final as follows:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

[2] Petitioner is further advised that a future petition would not be "second or successive." When a state petitioner whose first petition was dismissed without prejudice for failure to exhaust state remedies brings a new petition based on the exhausted claim it is not considered "second or successive." See Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir.1996) (per curiam) ("[A]pplication of the gatekeeping provisions to deny a resubmitted petition ... would conflict with the doctrine of writ abuse ....").

entitled to relief, the judge shall make an order for summary dismissal). Petitioner is reminded that she may not file a writ of habeas corpus pursuant to 28 U.S.C. § 2254 until she has exhausted her state court remedies, as detailed above. A certificate of appealability shall not issue as petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253 (c)(2). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/(BMC)

U.S.D.J.

Dated: Brooklyn, New York
      July 21, 2010